IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nicholas Kyle Martino,
   Plaintiff, *in pro per*

v.

United States of America,
   Respondent

Appeal No. 24-1694
D.C. Case 1:23-mc-011-NLH-SAK

**PLAINTIFF'S OPENING BRIEF**

**WHEREFORE**, on this 4th day of June, 2024, Plaintiff, Nicholas Kyle Martino, *in pro per*, hereby **SUBMITS** to this Honorable Court a Brief in Support of his Appeal.

**I. Procedural Background**

This case arises out of the issuance of six search warrants related to Plaintiff and two separate criminal investigations somehow involving him. The six search warrants were issued and executed in August 2022. In April 2023, Plaintiff filed an action in front of the District Court seeking disclosure of the affidavit establishing probable cause for the search warrants. *D.C. ECF 1.* In February 2024, the District Court made several legal findings and ultimately denied the requested relief in its entirety. *D.C. ECF 18.* This Appeal follows.

The District Court found that there is no First Amendment right-of-access to sealed pre-indictment search warrant materials, that there is no Fourth Amendment right-of-access to pre-indictment search warrant materials, and that there is a common law right-of-access to sealed pre-indictment search warrants materials but that right is not absolute. The Court found, without explanation and contrary to case law, that no less-restrictive means, such as redaction, is available to release the subject materials. The Court further opined that Grand Jury secrecy applies to search warrants related to Grand Jury proceedings and it largely used this reasoning to support the denial of the Petition.

**II. Jurisdiction and standard of review**

This Court enjoys jurisdiction over this appeal pursuant to 28 U.S. Code § 1291 and FRAP 4(a)(1)(B).

**III. The District Court erred when it determined there is no First or Fourth Amendment right-of-access to sealed pre-indictment search warrant materials**

The District Court explicitly determined that no First Amendment right to access sealed pre-indictment search warrant materials exists, and also that no Fourth Amendment access to sealed pre-indictment search warrant materials exists. The Court therefore split itself from the decisions of various other District Courts and the Eighth and Eleventh Circuit. The claim that the Fourth Amendment confers a right-of-access to sealed pre-indictment search warrant

materials is a case of first impression in the Third Circuit but has been heard in various other District Courts.

Plaintiff is a member of the public and enjoys a First Amendment right-of-access to court documents. *See* Brown vs. Advantage Engineering, 960 F.2d 1013, 1015-16 (11th Cir. 1992)(applying the First Amendment "compelling interests" standard to determine whether the Petitioner had a right of access to sealed documents. *See also In re: Four Search Warrants*, 945 F. Supp. 1563, 1565-66 (N.D. Ga. 1996)(providing an overview of Eleventh Circuit case law on the issue of access to judicial documents). The Eighth Circuit has explicitly found that the First Amendment confers a right-of-access to search warrant materials at the pre-indictment stage. *In re: Search Warrant for Secretarial Area-Gunn*, 855 F.2d 569, 572-74 (8th Cir. 1988).

Because Petitioner was the subject of the warrants, the Fourth Amendment confers him a right-of-access to the sealed materials independent of the common law or the First Amendment. The Fourth Amendment claim, which is stronger than the common law or First Amendment claim, controls here even at the pre-indictment stage. *In re: Search Warrants Issued on April 26, 2004,* 353 F. Supp. 2D at 591 (D. Md. 2004)(affirming the magistrate's order and recognizing "a search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit.); *In re: Search Warrant for 2934 Anderson Morris Rd*, 48 F. Supp. 2D 1082, 1083 (N.D. Ohio 1999)("Generally, a person

whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued."); *See also In re: Searches and Seizures,* 2008 U.S. Dist. LEXIS 107087 (E.D. Ca. 2008)(collecting cases holding the same).

It is incomprehensible that the Court did not consider that the crux of the Fourth Amendment is to prevent governmental abuse of searches and seizures; it would be impossible for any person to resist an unlawful search and seizure if they cannot inspect the sworn affidavit establishing probable cause (or lack thereof) by the Government.

The Court therefore violated Plaintiff's right pursuant to the First and Fourth Amendment to review and copy the affidavit of probable cause that underlies the warrants.

**IV. The District Court erred and committed a clear error of law when it did not follow established case law when it opined that Grand Jury secrecy applies to search warrants**

In its Memorandum Opinion and Order denying Plaintiff's Petition to Unseal, this Court opined, "[t]he Court finds that public access to the global affidavit, warrant applications, and related documents would undermine the historically protected institution of the grand jury." D.C. ECF 18 at 8. The Court fell short of pointing to the Federal Rule on Grand Jury secrecy – FRCrP Rule

4

6(e). Rule 6(e) generally protects from disclosure "a matter occurring before the grand jury". *See* FRCrP Rule 6(e)(2)(B).

The Court appears to be of the opinion that because the search warrants relate to an ongoing Grand Jury investigation, Grand Jury secrecy protects the search warrants and related documents from disclosure. This is long established by various courts to be incorrect. The existence of a search warrant does not always indicate the existence of a Grand Jury proceeding, and the existence of a Grand Jury proceeding does not always indicate the existence of a search warrant. Therefore they are inherently separate. Grand Jury investigations are long-recognized to be separate from a criminal investigation by a federal agency. *See In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988)("Courts have consistently distinguished the request for documents generated independent of the grand jury investigation from the requests for grand jury minutes or witness transcripts."); *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960). This general rule also means that "information produced by criminal investigations paralleling grand jury investigations does not constitute matters 'occurring before the grand jury' if the parallel investigation was truly independent of the grand jury proceedings," regardless of whether the grand jury gains access to the same information. *In re Grand Jury Subpoena*, 920 F.2d 235, 242 (4th Cir. 1990); *Anaya v. United States*, 815 F.2d 1373, 1380 (10th Cir. 1987) ("[R]evelation of

information learned by other governmental agencies in a parallel investigation without disclosure of what had been submitted to the grand jury was not improper.").

In the matter before us, the search warrants were independently prepared by the FBI and USAO and filed with the Court outside the presence of the Grand Jury. Grand Jury secrecy only protects what *physically occurs* in the Grand Jury's *presence,* and does *not* protect even documents offered to a Grand Jury for review during a proceeding (if those documents are created independent of the Grand Jury process). Rule 6(e) and the doctrine of Grand Jury secrecy does not cover documents, even subpoenaed documents, that are sought for the information they contain. *See, e.g., DiLeo v. Commissioner of Internal Revenue*, 959 F.2d 16, 19 (2d Cir. 1992); *Accord Washington Post Co. v. United States Dep't of Justice*, 863 F.2d 96, 100 (D.C. Cir. 1988); *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582-84 (D.C. Cir. 1987). *See also Federal Grand Jury Secrecy: Legal Principles and Implications for Congressional Oversight*, Congressional Research Service, 2019.[1]

In general, "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers," and thus "[t]he mere fact that information [or documents have] been presented to the grand jury" does not bar independent disclosure in other proceedings." *Id.*

---

1   https://sgp.fas.org/crs/secrecy/R45456.pdf

Rule 6(e) and the doctrine of Grand Jury secrecy therefore does not apply to search warrant materials (whether or not they were presented to a Grand Jury), and this Court plainly erred and committed a clear error of law and a substantial miscarriage of justice when it largely considered Rule 6(e) and the doctrine of Grand Jury secrecy to balance the interests of the parties under the common law and ultimately deny the requested relief. Rule 6(e) and the doctrine of Grand Jury secrecy does not apply to the case at-bar and could not have been considered in any fashion, especially when weighing competing interests.

**V. The Court erred when it made the finding that disclosure would not serve the public because it did not consider critical information presented**

In various filings related to this action, Plaintiff repeatedly asserted that the Government committed fraud upon the Court in its presentation of the affidavit of probable cause for the search warrants. The Government, through FBI Special Agent Joseph Donahue, presented testimony by cooperating witness Leah Henderson in his affidavit supporting probable cause for the searches. However, SA Donahue knowingly failed to disclose to the Court the unreliability of the witness – namely that the witness, independent of any potential CHS agreement with the FBI – attempted to extort Plaintiff in recorded phone calls in summer of 2021, weeks before giving an FD-302 interview to the FBI from which the FBI extracted the main information to

include in its probable cause affidavit. The main problem is that Plaintiff mailed the recordings of the witness attempting to extort him to SA Donahue (and other parties) over a year before SA Donahue drafted his affidavit; SA Donahue was completely aware that the witness was wholly unreliable but almost exclusively relied on her testimony to establish probable cause in his affidavit. The witness extorted Petitioner by demanding a sum of money in exchange for not cooperating with the FBI, or a sum of money to cooperate with the FBI by providing false and misleading information on his behalf. This is not only a major blow to the witness's reliability, but also a federal crime. The omission of this information by SA Donahue is a violation of law because he *must* include all *indicia* of reliability of a witness when using their proffered information or testimony to support probable cause, and he prevented the Court from balancing the witness's obvious unreliability with the information she ended up providing when it approved the request for the warrants. This is a serious miscarriage of justice and the non-disclosure of the affidavit of probable cause hinders Plaintiff's efforts to present the warrants as lacking actual probable cause.

**VI. The Court erred when it refused to consider the unsealing of the John Erin Binns/T-Mobile indictment when balancing the interests of the parties**

In the Memorandum Opinion and Order, the Court states, "The Court also received two letters from Petitioner [ECF Nos. 16, 17] dated January 17, 2024

and February 5, 2024, respectively, advising of a supplemental authority that Petitioner contends warrants granting his petition. However, the particular matter that Petitioner relies upon is neither procedurally nor substantively similar to the instant matter. *See* 2:22-cr-00004-LK (W.D. Wash.). For these reasons, the Court will exclude Petitioner's supplemental arguments from its analysis." ECF 18 at n.1.

However, this is patently false and this is known to the Court. The Court reviewed the affidavit of probable cause when it was submitted by SA Donahue. The affidavit describes some of the events surrounding the 2021 T-Mobile data breach in which only Binns was charged in the aforementioned criminal matter. The search warrants at-issue here clearly seek information related to an intrusion attempt on T-Mobile's network in 2021, and they also seek information on a person with the moniker "und0xxed". *See In re: Search Warrant*, 1:22-mj-17503 (unknown ECF number):

"d. Evidence of any attempt or plan to target particular victims, including T-Mobile…"

"i. Records and information relating to the use of monikers or aliases, including, but not limited to, "und0xxed."

The und0xxed moniker is also mentioned throughout the Binns indictment as his own "co-conspirator 1". Therefore, the Binns indictment is clearly substantively related to the search warrants here. It perplexes Plaintiff

how the Court would make such an oversight of its own matter. The unsealing of the Binns indictment shows that the United States has largely completed its investigation surrounding the 2021 T-Mobile hack.

**VII. The District Court did not solicit from the Government any updated information on the status of its investigation prior to denying the requested relief**

This Court did not seek any information from the Government on the current status of the investigation when it denied the requested relief. Thus, it was impossible for the Court to know if the investigation was actually currently active or if Plaintiff is even still an active target of the investigation. Such up-to-date information was improperly excluded from the Court's consideration. If Plaintiff is no longer a target in one or both of the criminal investigations, or if the Grand Jury has issued *no true bill* of indictment, then those circumstances would have weighed in favor of disclosure. It is Plaintiff's position that the Grand Jury sitting in the Western District of Washington has actually issued *no true bill* of indictment against him for the T-Mobile hack described above and such a fact, if the Government had disclosed it to the Court, would heavily weigh in his favor for release of the subject documents.

**VIII. The Court did not consider a less-restrictive means to release the sought materials**

In the Memorandum Opinion and Order, the District Court did not consider a less-restrictive means, such as redaction, to release the sought materials. The Government must establish a compelling governmental interest in keeping the materials under seal, and it also must show that no less-restrictive means to release the materials are possible.

Plaintiff concedes that, even over three years in and two years after a related indictment was issued, the investigation of the Government may be ongoing. Yet, in this exact context, at least two Court have found that "disclosure should not be postponed indefinitely" if no indictment against the search warrant's subject is forthcoming soon after the executions of the warrants. *See In re: Search Warrant,* 1995 U.S. Dist. LEXIS 9475 (S.D.N.Y. 1995)(quoting *In re: Searches of Semtex Corp.,* 876 F. Supp. 426 (E.D.N.Y. 1995)). Now, almost 24 months have elapsed since the execution of the search warrants occurred; the Government's need to keep the information in the sought materials secret from Plaintiff has largely waned. No charges against Plaintiff appear forthcoming.

**VIV. Conclusion and Prayer for Relief**

Accordingly, Petitioner posits that relief from the Judgment is warranted because the Court clearly erred when it used the doctrine of Grand Jury secrecy to balance the interests of the parties in favor of non-disclosure when the case law available to the Court clearly and unanimously shows that Grand Jury

secrecy does not apply to the case-at bar, because the Court did not consider Plaintiff's First and Fourth Amendment Rights to access the sealed materials when such rights do in-fact exist, and because the Court did not consider less-restrictive means to release the materials.

Plaintiff **PRAYS** for the following relief: 1) an Order relieving the Judgment imposed, 2) an Opinion determining that the First and Fourth Amendments confer a right to access sealed pre-indictment search warrant materials, and 3) an Order directing the District Court to immediately unseal the records sought in the original action, with or without redactions.

Respectfully submitted,

   /s/ Nicholas Martino
Nicholas Martino,
*in pro per*