<b>IN THE UNITED STATES COURT OF APPEALS<br>
FOR THE THIRD CIRCUIT</b>

Nicholas Kyle Martino,
   Appellant, *in pro per*

v.

United States of America,
   Appellee

Case. No. 24-1694
D.C. Case No 1:23-mc-0011-SAK

### APPELLANT'S BRIEF IN SUPPORT OF APPEAL

**I. Introduction**

    The Clerk entered an Order on June 10th, 2024, that this Appeal must be submitted to the Panel for consideration under 28 U.S.C. §1915(e)(2)(B)(i) to determine if the Appeal is frivolous, or whether summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 is appropriate. ECF 8. Appellant has been afforded 21 days to enter a Brief in support of his Appeal. Appellant has additionally already submitted a *pro se* opening brief which the Clerk has provided to the Panel in accordance with the above Order.

    This Appeal arises from Appellant's Motion to Unseal Search Warrant Materials for search warrants issued against him in the District of New Jersey. The search warrants were issued in August 2022 as part of a criminal probe by

1

the FBI; no charges, information, complaint, or indictment has yet issued against Plaintiff due to the search warrants and their executions. Appellant argued to the District Court that he had a common-law, First Amendment and Fourth Amendment right-of-access to the pre-indictment search warrant materials as recognized by some other sister courts and Circuit courts, but the District Court disagreed and denied relief because it found that while there is a non-qualified common-law right to these documents, that no First Amendment or Fourth Amendment right-of-access exists and that Grand Jury secrecy protects search warrant documents. The District Court also did not place in the Record its adequate reasoning for determining that the documents did not have a less-restrictive means of release. On Appeal, Appellant contends that established caselaw clearly shows that Grand Jury secrecy does not apply to the case-at-bar and chiefly that the right-of-access to these materials exists (with or without a less-restrictive means), and that the District Court erred in determining that no First or Fourth Amendment right-of-access to the materials exists.

## II. Argument

§1915(e)(2)(B)(i) allows the Panel to dismiss an appeal if it is found to be frivolous. Other Courts of Appeals have heard similar cases to the one presented here. *See Brown vs. Advantage Engineering,* 960 F.2d 1013, 1015-16 (11th Cir. 1992)(applying the First Amendment "compelling interests" standard to determine whether the Petitioner had a right of access to sealed documents.)*; In*

*re: Search Warrant for Secretarial Area-Gunn*, 855 F.2d 569, 572-74 (8th Cir. 1988).

Additionally, the Order by the District Court was a final appealable order that this Court has jurisdiction to review pursuant to 28 U.S.C. § 1291.

Summary Judgment is not appropriate because this appeal presents a substantial question of Constitutional Law which has been heard in some of the sister Circuits but remains a case-of-first impression here in the Third Circuit. For this Court to take summary action in this case would be inappropriate because of the complexity of the issues presented and the possible circuit split on Constitutional Law that may arise.

## III. Conclusion

Accordingly, it is Appellant's position that summary action is not appropriate in this case and that the appeal is not frivolous.

Respectfully submitted,

   /s/ Nicholas Martino  
Nicholas Martino,  
*in pro per*