

**U.S. Department of Justice**

*U.S. Attorney's Office, District of New Jersey*

*Appeals Division*

---

*Steven G. Sanders*  *970 Broad Street, Suite 700*  *(973) 645-2846*
*Assistant U.S. Attorney*  *Newark, NJ 07102*  *FAX (973) 645-2857*

December 13, 2024

**BY ECF**

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals, Third Circuit
U.S. Courthouse
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

    **Re:** *Martino v. United States*, **No. 24-1694**

Dear Ms. Dodszuweit:

  Please accept this letter as a motion by Appellee, United States of America, to dismiss this appeal for lack of appellate jurisdiction. This Court lacks statutory authority to entertain an appeal from a Magistrate Judge decision that has not been appealed first to the District Court.

### BACKGROUND

  In April 2022, Nicholas Martino (then on supervised release) became the subject of a criminal investigation by federal law enforcement officials. "On August 22, 2022, federal agents executed, pursuant to … valid … warrants, a search of Plaintiff's home, another girlfriend's residence, his vehicle, and his person, seizing from him several laptops, a smartphone, and encrypted electronic storage devices, devices he was prohibited from possessing under the terms of his supervised release." D.N.J. Civil No. 23-

16859, ECF No. 17 at 4-5. In fact, agents had executed six search warrants pursuant to a single, master search warrant affidavit. *Id.*, ECF No. 10 at 2.

On April 10, 2023, Martino filed a motion asking the assigned Magistrate Judge (Hon. Sharon A. King, U.S.M.J.) to unseal the search warrant applications. *See* D.N.J. Misc. No. 23-11, ECF No. 1. Martino subsequently filed additional requests for relief, including return of property. *Id.*, ECF Nos. 2, 4. Martino eventually asked that his replevin request be referred to an Article III Judge, *id.*, ECF No. 4, and the United States agreed, while noting that the District Judge could refer the matter back to Judge Williams for a report and recommendation, *id.*, ECF No. 7 at 6. But Martino's request to unseal the search warrant affidavit remained with Judge Williams.

The replevin action was docketed at D.N.J. Civil No. 23-16859 and assigned to the Honorable Noel L. Hillman, U.S.D.J. (now retired), after he agreed to assume jurisdiction over it. *See* D.N.J. Civil. No. 23-16859, ECF No. 13 (docket text). He also entertained related requests by Martino, including a motion to impose a court-supervised filter protocol over the FBI's review of seized materials. *See id.* ECF No. 7. Ultimately, Judge Hillman entered an opinion and order denying those requests. *See id.* ECF Nos. 17-18. Martino timely filed a *pro se* notice of appeal. *Id.*, ECF No. 19, and this Court eventually affirmed in part and dismissed in part for lack of appellate jurisdiction, 3d Cir. No. 24-1404, Doc. No. 13.

Meanwhile, on February 9, 2024, Magistrate Judge King entered a memorandum opinion and order denying Martino's request to unseal the

search warrant affidavits. D.N.J. Misc. No. 23-11, ECF No. 18. Three days later, Martino filed what amounted to a motion for reconsideration, *id.*, ECF No. 19, which Judge King denied in an order filed on April 11, 2024, *id.*, ECF No. 21. That same day, Martino filed a notice of appeal—to this Court—designating the February 9th opinion and order. *Id.*, ECF No. 22. This Court docketed that appeal at 3d Cir. 24-1694, Doc. No. 1, referred it for summary disposition under 28 U.S.C. § 1915(e)(2), Doc. No. 8, but denied summary action and ordered merits briefing on December 4, 2024, Doc. No. 10. Martino, meanwhile, had already filed a *pro se* Opening Brief claiming this Court had appellate jurisdiction under 28 U.S.C. § 1291. Doc. No. 7 at 2.

## ARGUMENT

**This Court Lacks Appellate Jurisdiction To Directly Review A Decision By A Magistrate Judge In A Criminal Case Where The Parties Did Not And Could Not Consent To The Magistrate Judge's Entering Judgment Under 28 U.S.C. § 636(c)(1).**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This Court's appellate jurisdiction is normally limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up). The

Supreme Court has therefore instructed lower courts not to entertain appeals in matters ancillary to a criminal proceeding, which would erode the final judgment rule. *DiBella v. United States*, 369 U.S. 121, 131-32 (1962).

      Here, Martino has appealed to this Court from a Magistrate Judge decision. *Compare* D.N.J. Misc. No. 22 (notice of appeal), *with* D.N.J. Misc. No. 23-11, ECF No. 18 (Magistrate Judge's decision). Even putting aside the question whether this is a premature criminal appeal barred by *DiBella*, a Magistrate Judge decision plainly does not qualify as a "final decision[] of the district court[]" under § 1291. As this Court explained in a civil appeal, "[w]ithout a district court order showing review of the magistrate's decision, we have no jurisdiction to hear this appeal." *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983); *accord United States v. Al-Nouri*, 983 F.3d 1096, 1097 (9th Cir. 2020) ("Because magistrate judges' bail decisions in extradition proceedings are not 'final decisions of the district courts of the United States,' we do not have jurisdiction under § 1291.") (cleaned up); *United States v. Haley*, 541 F.2d 678 (8th Cir. 1974) ("this Court is without jurisdiction to hear appeals made directly from the decisions of United States Magistrates").

      Granted, a direct appeal to the Court of Appeals *might* lie where the parties have expressly consented to a Magistrate Judge's handling of, and entering final judgment in, a civil matter. *See* 28 U.S.C. § 636(c)(1), (3); *see also Siers*, 700 F.2d at 116 n.10 ("Significantly, when Congress has intended that certain decisions of a magistrate be directly appealable to a circuit court, it has expressly said so."). But § 636(c)(3) does not apply here for two reasons.

First, Martino never sought, and the United States never provided, express consent under § 636(c)(1). *See* Fed. R. Civ. P. 73(b)(1) (requiring written consent of all parties). That explains why in other cases challenging a Magistrate Judge's decision on a motion to unseal, the aggrieved party first sought review in the District Court. *See Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 516 (7th Cir. 1996) (court of appeals reviews district court's adoption of magistrate court's order denying request to unseal search warrant affidavits); *In re Searches of 462 S. Connell Ave., Pitcher, OK*, 12 F. App'x 756, 758 (10th Cir. 2001) (unpublished) (same). *See generally In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1191 (8th Cir. 2007) (noting that Eighth Circuit had granted Government's motion to dismiss a previous appeal where the losing party directly appealed to the Eighth Circuit from a magistrate court's order denying motion to unseal).

Second, this is not a "civil matter" within the meaning of § 636(c)(1). Rather, it is ancillary to a criminal matter (a criminal investigation). An Eleventh Circuit panel held that it lacked appellate jurisdiction even from a *district court* order denying a preindictment motion to unseal because the subject of an investigation may not circumvent the final judgment rule by immediately appealing such an order. *See Burke v. United States*, No. 23-13649, 2024 WL 2698025, at *1 (11th Cir. May 24, 2024) (per curiam) (unreported) ("We do not find any jurisdictional basis for an immediate appeal of that pretrial ruling [denying a motion to unseal], including the collateral order doctrine.") (citing *DiBella*, 369 U.S. at 121. Indeed, this Court invoked *DiBella*

in dismissing in part Martino's previous appeal. *See* 3d Cir. No. 24-1404, Doc. No. 13 at 3-5. As § 636(c)(1) limits consent to "civil matters," the parties here could not have consented to final resolution by the Magistrate Judge of the unsealing request under § 636(c)(1), with a right of direct review in this Court under § 636(c)(3).

Accordingly, the United States respectfully submits that this Court must dismiss this appeal for lack of appellate jurisdiction. And the United States apologizes for not bringing this jurisdictional defect to this Court's attention sooner. *Cf. United States v. Muhammud*, 701 f.3d 109, 111-12 (3d Cir. 2012) ("Although an objection to timeliness can be raised by the government in its brief, the government is strongly encouraged to file a motion to dismiss a criminal appeal as untimely at the outset of an appeal before the filing of the appellant's brief.").[*]

> Very truly yours,
>
> PHILIP R. SELLINGER
> United States Attorney
>
> By:　s/ STEVEN G. SANDERS
> 　　　Assistant United States Attorney

---

[*] This Court could remand this matter to the District Court for treatment as an appeal of a magistrate court decision, as Martino filed his notice of appeal within the time prescribed by Fed. R. Crim. P. 59. *See* D.N.J. L. Crim R. 5.1(o)(3) (citing D.N.J. L. Civ. R. 72.1(c)(1)(A) (timely reconsideration motion tolls Rule 59's 14-day deadline)); *see also United States v. Soolook,* 987 F.2d 574, 575 (9th Cir. 1993) (dismissing appeal from judgment entered by magistrate judge for lack of jurisdiction and remanding to district court for further proceedings; notices of appeal filed in the district court "were sufficient to effect appeals to that court").

## CERTIFICATE OF SERVICE

    I certify that I today caused the foregoing Letter to be **[1]** electronically filed with the Clerk of the United States Court of Appeals for the Third Circuit through the Court's CM/ECF system, and **[2]** served on Appellant by virtue of the notice of docketing activity generated by this Court's CM/ECF system.

Executed On: December 13, 2024

                          s/ STEVEN G. SANDERS
                             Assistant U.S. Attorney